## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### JUNE 1999 SESSION

FILED

December 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | No. W1999-01686-CCA-R3-CD |
| _____Appellee | * | SHELBY COUNTY |
| **V.** | * | Hon. Chris Craaft, Judge |
| **DENNIS E. BONDON,** | * | (Second Degree Murder) |
| **Appellant.** | * | |

For Appellant

Tony N. Brayton
Assistant Public Defender
201 Poplar, Suite 2-01
Memphis, TN  38103

For Appellee

Paul G. Summers
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN  37243-0493

J. Ross Dyer
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243-0493

OPINION FILED:

AFFIRMED - RULE 20

NORMA MCGEE OGLE, JUDGE

**OPINION**

The appellant, Dennis E. Bondon, pled guilty in the Shelby County Criminal Court on May 21, 1998, to the second degree murder of Evelyn Cowan. The appellant pled guilty upon the understanding that the trial court would determine his sentence. The trial court conducted a sentencing hearing on July 7, 1998, and on August 12, 1998. Following the presentation of proof by the State and the appellant, the court sentenced the appellant as a standard, Range I offender to twenty-three years incarceration in the Tennessee Department of Correction. On appeal, the appellant challenges the length of his sentence. Following a thorough review of the record, we conclude that this is an appropriate case for affirmance pursuant to Ct. of Crim. App. Rule 20.

The record reflects that, on October 23, 1997, Ms. Cowan's nude, partially decomposed body was discovered in the appellant's apartment located in the Dixie Home Housing Project in Memphis, Tennessee, when neighbors detected a foul odor emitting from the heating system. Dr. Cynthia Denise Gardner, a pathologist, examined the body and determined that Ms. Cowan had died as a result of "multiple injuries including blunt trauma to the head . . . [and] blunt trauma to the chest." With respect to the blunt trauma injuries to her head, Ms. Cowan had suffered sixteen scalp lacerations. Some of the lacerations were caused by blows applied with sufficient force to cause "scraping injuries" to the surface of Ms. Cowan's skull. Additionally, with respect to the blunt trauma injuries to her chest, Ms. Cowan had suffered two broken ribs and multiple bruises on the "skin surface" of her chest. Ms. Cowan had also suffered blunt trauma injuries to the area of her mouth, including several broken teeth. Furthermore, Ms. Cowan had bruises on her forearms and hands, characteristic of defensive injuries, and bruises on her right leg. Ms. Cowan's neck exhibited bruising "consistent with finger marks." Finally, Ms. Cowan had suffered a stab wound measuring two inches in the right side of her neck. Dr. Gardner testified that the stab wound alone would not have been fatal.

The appellant was arrested on October 24, 1997. Upon being advised

2

of his <u>Miranda</u> rights, the appellant informed the police that Ms. Cowan had been his girlfriend for seven years, and he admitted killing Ms. Cowan during an argument on October 17, 1997. The appellant stated that he beat Ms. Cowan with a broom handle and pieces of a wooden clothes rack and stabbed her in the neck with a steak knife. The record reflects that the assault occurred over a period of time amounting to approximately thirty minutes. After Ms. Cowan collapsed and while she was still breathing, the appellant changed his clothing and left the apartment. At the sentencing hearing, the appellant testified that he neglected to call an ambulance, because he "lost [his] train of thought." Nevertheless, he returned to the apartment the following day and, after confirming that Ms. Cowan was dead, covered her body and again departed.

At the sentencing hearing, the appellant also admitted assaulting Ms. Cowan in 1990, but denied otherwise abusing Ms. Cowan prior to the day of her murder. However, the State presented the testimony of Libby Sumlin, who testified that during the year preceding Ms. Cowan's murder she frequently visited the appellant's neighbor, Alice Holloway. During several visits, Ms. Sumlin observed Ms. Cowan enter the appellant's apartment without any visible injuries. While Ms. Cowan was inside the appellant's apartment, Ms. Sumlin heard her screaming. Ms. Cowan later emerged with bruises on her face.

In imposing a sentence of twenty-three years, the trial court found by a preponderance of the evidence that, prior to the murder, the appellant had assaulted Ms. Cowan. Accordingly, the court applied the enhancement factor set forth in Tenn. Code. Ann. § 40-35-114(1) (1997), that the appellant had a previous history of criminal behavior, but accorded this factor very little weight. In contrast, the court accorded considerable weight to its finding that the appellant had treated Ms. Cowan with exceptional cruelty during the commission of the offense. Tenn. Code. Ann. § 40-35-114(5). <u>See, e.g.</u>, <u>State v. Gray</u>, 960 S.W.2d 598, 611 (Tenn. Crim. App. 1997)(in a second degree murder case, this court approved application of enhancement factor (5) when the victim was severely beaten). Finally, the court

3

applied enhancement factor (9), Tenn. Code. Ann. § 40-35-114, that the appellant employed a deadly weapon during the commission of the offense. The court found no mitigating factors. See, e.g., State v. Curry, No. 02C01-9711-CR-00452, 1998 WL 376353, at *5 (Tenn. Crim. App. at Jackson), perm. to appeal denied, (Tenn. 1998)(every citizen is expected to refrain from criminal conduct and is also expected to have a stable work history if the economy permits the citizen to work, the citizen is not disabled, and the citizen is not independently wealthy).

Appellate review of the length of a sentence is de novo. Tenn. Code. Ann. § 40-35-401(d) (1997). The burden is upon the appellant to demonstrate the impropriety of his sentence. Tenn. Code. Ann. § 40-35-401, Sentencing Commission Comments. Moreover, because the record reveals that the trial court fully considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determination a presumption of correctness. Id. at (d); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

We conclude that the record fully supports the trial court's application of the enumerated enhancement factors and the court's conclusion that there are no applicable mitigating factors. We affirm the judgment of the trial court pursuant to Ct. of Crim. App. Rule 20.

_____
Norma McGee Ogle, Judge

CONCUR:


_____
David H. Welles, Judge


_____
Thomas T. Woodall, Judge